IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MORRIS RAY CLARK, 351255,<br>      Petitioner, | )<br>)<br>) |
| v. | )   No. 3:06-CV-1548-P<br>)   ECF |
| NATHANIEL QUARTERMAN, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division<br>      Respondent. | )<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**II. Background**

On February 9, 1983, Petitioner was convicted of burglary of a building and burglary of a habitation. *State of Texas v. Morris Ray Clark*, Nos. F82-90856-TU and F82-9057-TU (291st Dist. Ct., Dallas County, Tex., Feb. 9, 1983). He was sentenced to 99 years imprisonment in each case, to run concurrently. On February 21, 1984, the Fifth District Court of Appeals

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -1-

affirmed the convictions. *Clark v. State*, Nos. 05-83-00224-CR, 05-83-00225-CR (Tex. App. – Dallas, Feb. 21, 1984). On October 24, 1984, the Court of Criminal Appeals refused Petitioner's petitions for discretionary review. PDR Nos. 0367-84, 0368-84.

On February 10, 1986, Petitioner filed his first state habeas petition. *Ex parte Clark*, No. 15,818-01. On April 30, 1986, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court. On September 2, 1986, Petitioner filed his second state habeas petition. *Ex parte Clark*, No. 15,818-02. On February 18, 1987, the Court of Criminal Appeals denied the petition without written order. On October 26, 1989, Petitioner filed his third state habeas petition. *Ex parte Clark*, No. 15,818-03. On April 18, 1990, the Court of Criminal Appeals denied the petition without written order. On December 11, 1996, Petitioner filed his fourth state habeas petition. *Ex parte Clark*, No. 15,818-04. On February 5, 1997, the Court of Criminal Appeals dismissed the application. On October 27, 2005, Petitioner filed his fifth and sixth state habeas petitions. *Ex parte Clark*, No. 15,818-07 and -08. On July 26, 2007, the Court of Criminal Appeals dismissed these applications as subsequent petitions.

On August 23, 2006, Petitioner filed this federal petition for writ of habeas corpus. He argues that both of his sentences were improperly enhanced by the same prior felony conviction.

On October 30, 2006, Respondent filed a preliminary response arguing that the petition is time-barred. On November 13, 2006, Petitioner filed a traverse. The Court finds the petition should be dismissed as barred by the one-year statute of limitations.

**II. Discussion**

    **(a) Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -2-

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On October 24, 1984, the Texas Court of Criminal Appeals denied Petitioner's petitions for discretionary review. The convictions therefore became final ninety days later, on January 22, 1985. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

January 22, 1986, to file his federal petition.

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, absent any tolling provision, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

Further, the filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner's first post-AEDPA state habeas petition was filed on December 11, 1996. This petition tolled the limitations period for 57 days, until it was dismissed by the Court of Criminal Appeals on February 5, 1997. When fifty-seven days are added to the April 24, 1997, deadline, the new deadline becomes June 23, 1997.[2] Petitioner did not file his next state habeas petition until October 27, 2005. This petition was filed after the one-year limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his federal petition no later than June 23, 1997. He did not file his petition until August 23, 2006. His petition is therefore untimely.

### (b) Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify

---

[2]Petitioner's deadline fell on Sunday June 22, 1997. Pursuant to Fed. R. Civ. P. 6(a) his deadline for filing the petition was Monday, June 23, 1997.

equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues in his traverse that his petition should not be time-barred because the state courts did not consider the merits of his claims.  For equitable tolling to apply, however, the applicant must diligently pursue habeas corpus relief.  *See Coleman,* 184 F.3d at 402 (5th Cir. 1999).  Petitioner has not shown he diligently pursued his habeas corpus remedies.  He has also not shown that he was actively mislead by the state, or that he was prevented is some extraordinary way from asserting his rights.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 13th day of September, 2007.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).